**Candido P. MARIANO, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3179.

United States Court of Appeals, Federal Circuit.

Nov. 9, 2001.

Before LOURIE, CLEVENGER, and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Candido P. Mariano petitions for review of the final decision of the Merit Systems Protection Board dismissing his appeal as untimely filed. *Mariano v. OPM,* No. SE–0831–00–0175–I–1, 2000 WL 1817091 (M.S.P.B. Dec.1, 2000) (final order). Because he has not shown that the Board erred, we *affirm.*

## DISCUSSION

Mr. Mariano worked for the Department of the Air Force in the Philippines from 1948 to 1965, and with the Department of the Navy from 1965 to 1975. From 1950 to 1962, civil service retirement deductions were withheld from his pay. Upon his separation from the Navy in 1962, he applied for and received a refund of those payments. He later applied for a civil service retirement annuity, which OPM denied in a reconsideration decision on April 28, 1989. *Mariano v. OPM,* No. SE–0831–00–0175–I–1, slip op. at 1 (M.S.P.B. June 28, 2000) (initial decision). OPM notified Mariano of his right to appeal the decision to the Merit Systems Protection Board and stated the twenty-five day time limit for filing that appeal.

Over ten years later, on March 9, 2000, Mariano filed an appeal from OPM's reconsideration decision to the Board. *Id.* at 1. The Board issued an order closing the record on April 10, 2000. *Id.* The order gave Mariano an opportunity to show that good cause existed for the delay of almost eleven years beyond the May 23, 1989, filing deadline. *Id.* at 2. On June 28, 2000,

the administrative judge noted that Mariano had not submitted evidence addressing the timeliness issue, determined that there was no evidence in the record suggesting good cause to excuse his delay, and accordingly dismissed his appeal. *Id.* at 3–4.

Mariano appealed the initial decision to the full Board. The Board denied his petition for review, thus rendering the initial decision final. *See* 5 C.F.R. § 1201.113(b) (2000). Mariano timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Gibson v. DVA,* 160 F.3d 722, 725 (Fed.Cir.1998).

On appeal, Mariano does not address the issue of the timeliness of his appeal from OPM's decision. Rather, he requests that we reopen his case in consideration of his being a "local and dedicated man with 24 years of service in your Government."

We agree with the government that Mariano has not met his burden to show that his appeal was timely or that good cause existed under the circumstances for waiver of the time limit. *See* 5 C.F.R. §§ 1201.22(c), 1201.56(a)(2)(ii) (1989); *Mendoza v. MSPB,* 966 F.2d 650, 652–53 (Fed.Cir.1992) (en banc) (dismissing appeal filed five weeks late as untimely because Mendoza's statement that she was "very old and sickly" was insufficient to show good cause for the delay). Mariano has not asserted or presented evidence that any legitimate reason for the delay existed or that he exercised diligence and ordinary

prudence in pursuing his appeal rights. His asserted long career of dedicated government service cannot excuse his delay in appealing. Although we recognize that he is a *pro se* litigant, the Board's directive to Mariano to show cause for the delay did not present a trap for the unwary or inexperienced. Mariano simply did not respond with any information relating to the issue at hand, *viz.,* his substantial delay in filing the appeal. Moreover, we do not consider the merits of OPM's decision denying him benefits. *See id.* at 653 (addressing only the timeliness of the appeal, not the merits).

Because the Board's decision dismissing Mariano's appeal as untimely filed was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.